# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FELIX NOEL VARGAS,**

      **Plaintiff,**

v.    Case No:  6:18-cv-726-ORL-37DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Felix Noel Vargas (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits (DIB).  Doc. 1.  Claimant argued that the Administrative Law Judge (ALJ) erred by: 1) "failing to adequately consider and weigh all of the limitations and opinions outlined by" Juan C. Cornejo, D.O., and 2) "posing and relying on a hypothetical question that did not adequately reflect the limitations of the claimant."  Doc. 18 at 8-19.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED**.

### I.    THE ALJ'S DECISION

In October 2014, Claimant filed an application for DIB.  R. 16, 168-76.  Claimant alleged a disability onset date of February 13, 2013.  R. 16, 18, 170.

The ALJ issued his decision on April 3, 2017.  R. 16-26.  In the decision, the ALJ found that Claimant had the following severe impairments: status post right SLAP repair, rotator cuff repair, and chronic bilateral shoulder pain.  R. 18.  The ALJ found that Claimant had a residual

functional capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b).[1]  Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He cannot do any overhead work. He cannot operate push and pull arm controls.  He can do occasional reaching, handling, fingering and feeling. He can occasionally perform the postural activities. He needs the option to sit or stand every 30 minutes.

R. 19.  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy.  R. 45-46.  The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  R. 25-26. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision.  R. 26.

## II.   STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. At step four, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

At step five, once the claimant has proven that the claimant can no longer perform past relevant work, the burden shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228-30 (11th Cir. 1999) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). An ALJ may rely on the testimony of a VE in determining whether the claimant can perform other jobs in the national economy. *Id.* at 1229. The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). However, the ALJ need not include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony at step five but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).[2]

On January 8, 2015, Dr. Cornejo, an orthopedic consultative examiner, performed a physical evaluation of Claimant. R. 726. In the consultative examination report, Dr. Cornejo concluded:

> Although [Claimant] appears to have had treatment for his orthopedic problems, he continues to complain of pain to the above areas. The claimant would be able to turn and bend his neck and back. He will not be limited from prolonged walking, standing, and sitting with reasonable breaks. He would be able to sit for a reasonable amount of time with needed breaks. There were no balance limitations observed during the evaluation. He had almost full use of his right upper extremity

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

>   but full use of his left upper extremity. He has full functionality of his right and left hands. He would be able to handle fine and small sized objects with his right but would be able to handle small and medium sized objects with his left. He has no significant limitations to fingering such as picking and pinching objects. There are no relevant visual, communicative, or cognitive limitations. He would be able to perform light to medium physical demand work activities which was confirmed by his history and physical examination.

R. 729. The ALJ considered Dr. Cornejo's assessment and found that Dr. Cornejo's assessment was entitled to significant weight. R. 22-23.

But Claimant argues that the ALJ failed to weigh the entirety of Dr. Cornejo's opinion and, thus, the ALJ erred in determining Claimant's RFC.[3] Doc. 18 at 8. Specifically, Claimant argues that the RFC is not supported by substantial evidence because, despite giving Dr. Cornejo's opinion significant weight, the ALJ failed to account for Dr. Cornejo's opinion that Claimant "would be able to handle fine and small sized objects with his right [hand]" and "small and medium sized objects with his left." Doc. 18 at 10, 17. The undersigned agrees. The RFC does not appear to account for Dr. Cornejo's opinion regarding Claimant's ability to handle small and medium sized objects, and the ALJ provided no explanation for why he believes that the RFC does account for these limitations or why he decided not to account for these limitations. *See* R. 19, 23. Thus, the undersigned finds that the ALJ erred. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citation omitted); *Shireman v. Colvin*, 2016 WL 2939157, at *8-11 (N.D. Fla. May 19, 2016) (finding that the ALJ erred by failing to explain why he did not account for the claimant's moderate limitation in the ability to respond appropriately to usual work situations

---

[3] Contrary to Claimant's assertion, the ALJ did not determine that Claimant had the RFC to perform medium work. *See* R. 19, 22. While the ALJ assigned significant weight to the opinion of treating physician Todd Lipschultz, M.D., the ALJ rejected Dr. Lipschultz's opinion that Claimant "could work at medium exertion," finding instead that Claimant was "limited to a reduced range of light work" based on the record as a whole. R. 22.

where the ALJ had given significant weight to the relevant doctor's opinions); *Martin v. Comm'r of Soc. Sec.*, No. 3:12-cv-900-J-MCR, 2013 WL 3893260, at *5-7 (M.D. Fla. July 26, 2013) (finding that the ALJ erred by failing to account for the claimant's marked limitations in the claimant's ability to respond appropriately to usual work situations and to changes in a routine work setting where the ALJ gave considerable weight to the relevant doctor's opinions but failed to properly reject the specific opinions at issue).

The Commissioner's arguments to the contrary are unavailing. Doc. 18 at 11-17. First, the Commissioner argues that because Dr. Cornejo was not a treating physician, the ALJ did not need to explain why he rejected a portion of Dr. Cornejo's opinion. Doc. 18 at 12. The undersigned disagrees. The fact that Dr. Cornejo was a "one-time consultative examiner" does not absolve the ALJ of his duty to either adopt an opinion given significant weight or, alternatively, to explain why such an opinion was not adopted. *See Mallory v. Comm'r of Soc. Sec.*, No. 6:17-cv-1524-Orl-DCI, 2019 WL 265147, at *2-3 (M.D. Fla. Jan. 18, 2019) (finding that the ALJ erred by failing to include a portion of a medical consultant's opinion after giving the opinion great weight).

Second, the Commissioner argues that it was not error for the ALJ to exclude Claimant's ability to handle small and medium sized objects from the RFC because Dr. Cornejo did not opine that Claimant could *only* handle such objects. Doc. 18 at 16 (emphasis added). In other words, the Commissioner contends that Claimant's ability to handle objects of a certain size was not a limitation. Doc. 18 at 16. The undersigned disagrees. Dr. Cornejo listed Claimant's ability to handle small and medium sized objects in a consultative examination report detailing Claimant's limitations. *See* R. 726-30. Specifically, Dr. Cornejo noted several differences between

Claimant's upper extremities,[4] demonstrating that Claimant's right extremity is weaker than his left. R. 728-29. Dr. Cornejo also took the time to distinguish between Claimant's right and left hands, which suggests that there are indeed differences between them. While Dr. Cornejo indicated that Claimant's left hand could hold medium sized objects, he made no such observations with respect to Claimant's right hand. R. 729. Thus, the undersigned is not convinced that the Claimant's ability to handle small and medium sized objects was not a limitation. Further, to the extent the Commissioner is attempting to provide reasoning for why the ALJ chose not to include the foregoing limitations in the RFC – for instance, because Dr. Cornejo's opinion is allegedly ambiguous – the undersigned cannot, and will not, rely on a post-hoc argument offered by the Commissioner on appeal. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Therefore, the undersigned finds that Dr. Cornejo's opinion regarding Claimant's ability to handle objects of a certain size was a limitation.

Finally, the Commissioner appears to argue that to the extent the Court finds that the ALJ erred, that error was harmless because Dr. Cornejo's statement regarding Claimant's ability to handle small and medium sized objects does not contradict the RFC. Doc. 18 at 16. The undersigned disagrees. The RFC provides that Claimant "can do occasional reaching, handling, fingering and feeling." But it is not clear to the undersigned that this RFC limitation accounts for Dr. Cornejo's opinion regarding Claimant's ability to handle small and medium sized objects.

---

[4] For example, Dr. Cornejo found the following: "Range of motion was *decreased on [Claimant's] right shoulder* in flexion…." R. 728 (emphasis added). "[Claimant] had *full strength of the rotator cuff muscles of the left* but *4/5 muscle strength of the right* rotator cuff muscles." R. 728 (emphasis added). "[Claimant] had *almost full use* of his right upper extremity but *full use* of his left upper extremity." R. 729 (emphasis added).

Indeed, the RFC does not appear to account for these limitations, and the ALJ failed to explain how it does so. *See Winschel*, 631 F.3d at 1179 ("[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm to affirm 'simply because some rationale might have supported the ALJ's conclusion.'") (citation omitted). Further, to the extent that the Commissioner attempts to explain how the RFC accounts for Dr. Cornejo's opinion regarding Claimant's ability to handle small and medium sized objects, the undersigned cannot, and will not, rely on a post-hoc argument offered by the Commissioner on appeal. *See Dempsey*, 454 F. App'x at 733 (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion."). Thus, the ALJ's failure to explain how the RFC accounts for Claimant's limitation is determinative.

Claimant also argues that the ALJ improperly relied on the testimony of the VE after posing and relying on a hypothetical question that did not adequately reflect Claimant's limitations. Doc. 18 at 17-19. Claimant's argument was premised upon the fact that the ALJ's RFC determination was not supported by substantial evidence and thus did not adequately reflect Claimant's limitations.[5] Doc. 18 at 17-19. Claimant's argument relies on the Court finding that the ALJ had already committed reversible error on another ground and, for that reason, is redundant and unnecessary. Nevertheless, because the undersigned found that the ALJ erred by failing to adopt the entirety of Dr. Cornejo's opinion or, alternatively, to explain why a portion of Dr. Cornejo's opinion was rejected, the undersigned cannot say that the hypothetical the ALJ posed to the VE included all of Claimant's functional limitations.

---

[5] Claimant did not argue that the ALJ's RFC determination was inconsistent with the hypothetical that the ALJ posed to the VE. Doc. 18 at 17-19. In fact, Claimant specifically stated that the ALJ posed and relied on a hypothetical question to the VE that contained the limitations found in the ALJ's RFC determination. Doc. 18 at 18.

Given the foregoing, it is **RECOMMENDED** that the Court accept Claimant's assignment of error.

### IV.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of Claimant and against the Commissioner, and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 17, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy