# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FELIX NOEL VARGAS,**

        **Plaintiff,**

v.                                        **Case No:  6:18-cv-726-Orl-37DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (Doc. 22)** |
| **FILED:** | **October 7, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I. Background

On July 8, 2019, judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. 20.  On October 7, 2019, Plaintiff filed a motion requesting an award of $5,359.90 in attorney fees, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Doc. 22 (the Motion).  Plaintiff also requests that the EAJA award be paid directly to her counsel if the

government determines that she does not owe a debt to the government. *Id*. at 2. The Motion is unopposed. *Id*.

## II. Discussion

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that she is eligible for an award of EAJA fees and that the amount sought is reasonable. As discussed below, the undersigned finds that Plaintiff is eligible to recover EAJA fees and her request for EAJA fees is reasonable.

### A. Eligibility for EAJA Fees.

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

#### 1. Prevailing Party.

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Doc. 20. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the undersigned finds that Plaintiff is a prevailing party.

#### 2. Timely Application.

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment

that "is final and not appealable." *Id.* at § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, thus a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). As discussed above, the plaintiff then has 30 days in which to file her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). The judgment in this case was entered on July 9, 2019, and the Motion was filed 90 days later on October 7, 2019. Docs. 21; 22. Accordingly, the undersigned finds that the Motion is timely.

### 3. Claimant's Net Worth.

Plaintiff states that she had a net worth of less than $2 million when the complaint was filed. Doc. 22 at 1. This statement is uncontroverted. Accordingly, the undersigned finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified.

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving that her position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified. In this case, the Commissioner does not argue that her position was substantially justified. *See* Doc. 22 at 2 (certifying that the Commissioner does not oppose the Motion). Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

### 5. No Special Circumstances.

The undersigned finds that no special circumstances would make an award of fees unjust.

B.  **Reasonableness of EAJA Fee.**

Plaintiff provided the following chart detailing the requested hourly rate and hours spent litigating this case:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| Shea A. Fugate, Esq. | 2018 | 26.6 | $201.50 | $5,359.90 |
| | **Total** | | | **$5,359.90** |

Doc. 22-1.  Plaintiff has demonstrated that the hourly rate does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.  *Id*.  Further, Plaintiff attached a detailed time sheet in support of the hours her counsel spent working on the appeal.  Doc. 25-2.  Upon review, the undersigned finds that Plaintiff is entitled to recover $ $5,359.90 in attorney fees and that such fees are reasonable.

C.  **Assignment.**

Plaintiff requested that the EAJA award be paid directly to her counsel if the government determines that she does not owe a debt to the government.  Doc. 35 at 2.  A plaintiff, not counsel, is generally entitled to receipt of an EAJA award.  *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Plaintiff assigned her right to the EAJA award to her counsel on September 13, 2018.  Doc. 22-3 (the Assignment).  The Assignment does not satisfy the Anti-Assignment Act, because it was executed prior to the determination of the EAJA award.  *See Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013).  The government, though, may exercise its discretion to honor the Assignment if it determines that Plaintiff does not owe a debt to the government.  But the undersigned recommends that the Court not order the government to honor the Assignment.

### III. Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 22) be **GRANTED** to the extent that Plaintiff be awarded a total of $ $5,359.90 in attorney fees pursuant to the EAJA; and

2. The Motion (Doc. 22) be **DENIED** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on October 8, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy